|                              |   |                              |
|------------------------------|---|------------------------------|
| State                        | : |                              |
| v.                           | : | No. 2011-47-C.A.             |
|                              |   | (P2/94-1248A)                |
| James Briggs.                | : |                              |
| State                        | : |                              |
| v.                           | : | No. 2011-50-C.A.             |
|                              |   | (P2/94-3597A)                |
| Anna M. Matthias (Mathias).  | : |                              |

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

| | | |
|---|---|---|
| State | : | |
| v. | : | No. 2011-47-C.A. |
| | | (P2/94-1248A) |
| James Briggs. | : | |
| State | : | |
| v. | : | No. 2011-50-C.A. |
| | | (P2/94-3597A) |
| Anna M. Matthias (Mathias). | : | |

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

# O P I N I O N

**Chief Justice Suttell, for the Court.**  In these consolidated appeals, the defendants, James Briggs and Anna M. Matthias,[1] challenge the denial of their motions to seal records pursuant to G.L. 1956 § 12-19-19(c) and G.L. 1956 § 12-1-12.  Specifically, the defendants assert that the trial justice erred: by refusing to apply § 12-19-19(c) retroactively; in finding that said provision violates the separation-of-powers doctrine; and in declining to sever the "shall be exonerated" portion of the statute from the "shall be sealed" provision.  For the reasons set forth in this opinion, we affirm the judgments of the Superior Court.

## I

### Facts and Procedural History

In 2007, defendants first came before this Court on appeal from the denial of their motions for expungement. See State v. Briggs, 934 A.2d 811 (R.I. 2007) (hereinafter Briggs I).

---

[1] Ms. Matthias's name has been spelled "Mathias" in the caption and numerous court documents, but it would appear from Ms. Matthias's pleadings that "Matthias" is the correct spelling.  As such, we will use "Matthias" in this opinion.

- 1 -

James Briggs had pled nolo contendere to one count of second-degree robbery; and, on January 20, 1995, he received a five-year deferred sentence. Id. at 813. On September 3, 2003, after completing his deferred sentence, Briggs moved to expunge all records involving his arrest and plea. Id. Anna Matthias had pled nolo contendere to one count of possession of a controlled substance; and, on March 4, 1996, she received a five-year deferred sentence. Id. On September 18, 2003, after completing her deferred sentence, Matthias also moved to expunge the records of her arrest and plea. Id. On May 4, 2004, both motions were denied. Id. at 814. The hearing justice found that the deferred sentences were not automatically expunged, but rather that they were subject to the expungement statutes, G.L. 1956 §§ 12-1.3-2 and 12-1.3-3.[2] Briggs I, 934 A.2d at 814. Because Briggs had committed a crime of violence, and Matthias had pled nolo contendere to charges of simple assault within the previous ten years, neither defendant met the criteria for expungement under those statutes. Id. On appeal to this Court, both defendants contended that the hearing justice erred by relying on the expungement statutes, arguing that, instead, the Superior Court should have exercised its "inherent authority" to expunge. Id. In Briggs I, this Court affirmed the Superior Court's ruling and held that, for purposes of the expungement statutes, nolo contendere pleas followed by deferred sentences constitute convictions which may be expunged only by satisfying the statutory criteria. Id. at 816.

---

[2] General Laws 1956 § 12-1.3-2(a) reads, in relevant part, "[a]ny person who is a first offender may file a motion for the expungement of all records and records of conviction for a felony or misdemeanor * * * provided that no person who has been convicted of a crime of violence shall have his or her records * * * expunged." In the case of a misdemeanor conviction, a person may file a motion for expungement "after five (5) years from the date of the completion of his or her sentence." Section 12-1.3-2(b). A person with a felony conviction may move to expunge "after ten (10) years from the date of the completion of his or her sentence." Section 12-1.3-2(c). Section 12-1.3-3(b)(1) provides that the court has discretion to grant expungement provided that "in the five (5) years preceding the filing of the motion, if the conviction was for a misdemeanor, or in the ten (10) years preceding the filing of the motion if the conviction was for a felony, the petitioner has not been convicted nor arrested for any felony or misdemeanor * * *."

In 2010, the General Assembly passed an act amending § 12-19-19[3] (the deferred-sentence statute), which, <u>inter alia</u>, added two new subsections, (b) and (c). Subsection (c) of the amended statute states:

> "If a person, after the completion of the five (5) year deferment period is determined by the court to have complied with all of the terms and conditions of the written deferral agreement, then the person shall be exonerated of the charges for which sentence was deferred and records relating to the criminal complaint, information or indictment shall be sealed pursuant to the provision of § 12-1-12. Further, if any record of the criminal complaint, information or indictment has been entered into a docket or alphabetical index, whether in writing or electronic information storage or other data compilation system, all references to the identity of the person charged by the complaint shall be sealed." Section 12-19-19, as amended by P.L. 2010, ch. 128, § 1 and ch. 256, § 1.

---

[3] General Laws 1956 § 12-19-19 (a) and (b) provide:

> "(a) Whenever any person is arraigned before the superior court and pleads guilty or nolo contendere, he or she may be at any time sentenced by the court; provided, that if at any time the court formally defers sentencing then the person and the attorney general shall enter into a written deferral agreement to be filed with the clerk of the court. When a court formally defers sentence, the court may only impose sentence within five (5) years from and after the date of the written deferral agreement, unless during the five (5) year period, the person shall be declared to have violated the terms and conditions of the deferment pursuant to subsection (b) of this section in which event the court may impose sentence.
>
> "(b) It shall be an express condition of any deferment of sentence in accordance with this section that the person agreeing to said deferment of sentence shall at all times during the period of deferment keep the peace and be of good behavior. A violation of this express condition or any other condition set forth by either the court or the written deferral agreement shall violate the terms and conditions of the deferment of sentence and the court may impose sentence. The determination of whether a violation has occurred shall be made by the court in accordance with procedures relating to violation of probation §§ 12-19-2 and 12-19-14."

Section 2 of P.L. 2010, chs. 128 and 256 provides that the act "shall take effect upon passage." The expungement statutes, however, have not been amended since Briggs I, save for a provision in § 12-1.3-3 that requires a petitioner to pay a $100 fee. P.L. 2009, ch. 68, art. 11, § 1(c).

In August 2010, Briggs and Matthias, as well as a number of others who similarly had completed deferred sentences, filed motions to seal under § 12-19-19(c). It is important to note that defendants requested only that their records be sealed; they did not seek exoneration. Although the then-Attorney General had submitted a letter to the General Assembly supporting passage of the amendments to "bring more flexibility to the deferred sentencing agreement," the state objected to these motions. The hearing justice accepted briefs from the several movants and the state, and heard arguments on November 5, 2010.

To support their motions, defendants argued that they were the "intended recipients of this remedial legislation" and under the language of the amended statute were eligible to have their records sealed; thus there was no issue of retroactivity. The defendants maintained that if the court found that retroactivity was an issue, the 2010 amendments were remedial in nature and appropriate for retroactive application. Finally, defendants argued that the amended statute did not offend the doctrine of separation of powers. The state maintained that the amended statute could not be applied retroactively without clear language indicating an intent to do so, and that, if applied retroactively, the statute would "constitute an impermissible exercise of judicial power by the Legislature" and thus violate the separation-of-powers doctrine.

On November 12, 2010, the hearing justice issued a written "main decision" in one case, State v. Warzycha, 2010 WL 4682605 (R.I. Super. Nov. 12, 2010), which was incorporated by reference in the decisions in the remaining individual cases. The court denied all of the motions, finding that § 12-19-19 "does not include any clear, strong language indicating an intent that it is

to be applied retroactively nor does it apply retroactively by necessary implication." The hearing justice further found that the statute created a substantive right and that its retroactive application would violate the doctrine of separation of powers. Both defendants filed appeals, which we ordered consolidated on April 15, 2011.

## II

### Standard of Review

We review questions of statutory construction and interpretation de novo; "[w]hen the language of the statute is clear and unambiguous, it is our responsibility to give the words of the enactment their plain and ordinary meaning." Mendes v. Factor, 41 A.3d 994, 1002 (R.I. 2012) (quoting Generation Realty, LLC v. Catanzaro, 21 A.3d 253, 259 (R.I. 2011)). In undertaking this responsibility, we are mindful that "[i]t is generally presumed that the General Assembly 'intended every word of a statute to have a useful purpose and to have some force and effect.'" Curtis v. State, 996 A.2d 601, 604 (R.I. 2010) (quoting LaPlante v. Honda North America, Inc., 697 A.2d 625, 629 (R.I. 1997)). This Court repeatedly has held that "statutes will be given prospective application unless otherwise provided." In re Alicia S., 763 A.2d 643, 646 (R.I. 2000). Importantly, "[o]nly when the Legislature, by express language or necessary implication, manifests its intent that a statute be given retroactive effect, will the courts apply it retrospectively[.]" Id. at 646-47. Finally, "we must 'consider the entire statute as a whole; individual sections must be considered in the context of the entire statutory scheme, not as if each section were independent of all other sections.'" Mendes, 41 A.3d at 1002 (quoting Generation Realty, LLC, 21 A.3d at 259).

**Discussion**

On appeal, defendants raise three issues. First, defendants argue that the hearing justice erred in ruling that the statute should not be applied retroactively. Next, defendants assert that the hearing justice erred in failing to sever the "exoneration" remedy from the "sealing" remedy, thereby avoiding any separation-of-powers issue. Finally, defendants maintain that the hearing justice erred when she "relied upon a sentence in a footnote in <u>Briggs I</u>" to find that exoneration was a prerequisite to the sealing remedy.

In reply, the state argues that the hearing justice was correct in finding that § 12-19-19 should not be applied retroactively because of the absence of clear language or any necessary implication requiring retroactivity, and because the statute creates new substantive rights. Further, the state argues that retroactive application of the statute would violate separation of powers and that exoneration is not severable from sealing as the statute is now written. Finally, the state argues that the hearing justice was correct in holding that the General Assembly cannot require sealing under § 12-19-19(c) without first amending § 12-1-12.[4]

---

[4] General Laws 1956 § 12-1-12 provides as follows:
> "(a) Any fingerprint, photograph, physical measurements, or other record of identification, heretofore or hereafter taken by or under the direction of the attorney general, the superintendent of state police, the member or members of the police department of any city or town or any other officer authorized by this chapter to take them, of a person under arrest, prior to the final conviction of the person for the offense then charged, shall be destroyed by all offices or departments having the custody or possession within sixty (60) days after there has been an acquittal, dismissal, no true bill, no information, or the person has been otherwise exonerated from the offense with which he or she is charged, and the clerk of court where the exoneration has taken place shall, consistent with § 12-1-12.1, place under seal all records of the person in the case including all records of the division of criminal identification

# A

## Retroactivity

### 1

### Necessary Implication

The defendants argue that the language of § 12-19-19, taken as a whole, implies that the General Assembly intended the sealing provision to apply to those who successfully complete a deferred sentence agreement, regardless of when that agreement was entered. This Court consistently has held that "'statutes and their amendments are applied prospectively,' absent 'clear, strong language, or by necessary implication that the Legislature intended a statute to have retroactive application * * *.'" Rodrigues v. State, 985 A.2d 311, 318 (R.I. 2009) (quoting Ducally v. State, 809 A.2d 472, 474 (R.I. 2002)). The defendants concede that the statute "does not contain an explicit legislative direction that it was intended to apply retroactively to deferred sentence agreements entered prior to the amendment's effective date," but they maintain that, read as a whole, § 12-19-19(c) is intended to have retroactive effect. In the absence of "clear, strong language," defendants point to the use of the words "whenever" and "any" within

established by § 12-1-4; provided, that the person shall not have been previously convicted of any felony offense. Any person who shall violate any provision of this section shall be fined not exceeding one hundred dollars ($100).

"(b) [R]equirements of this section shall also apply to persons detained by police, but not arrested or charged with an offense, or to persons against whom charges have been filed by the court, and the period of such filing has expired.

"(c) Notwithstanding any other provision of this section, any person who has been charged with a complaint for a crime involving domestic violence where the complaint was filed upon a plea of not guilty, guilty or nolo contendere pursuant to § 12-10-12, must wait a period of three (3) years from the date of filing before the records associated with the charge can be expunged, sealed or otherwise destroyed."

subsection (a) of the statute as signaling the legislative intent to give the statute the broadest application possible.

The state argues that, because the legislation states that it "shall take effect upon passage" and because § 12-19-19(a) is drafted in the present and future tenses, the intention that the statute was to have prospective effect is clear. The state dismisses any importance placed on the words "whenever" and "any," noting that the use of those terms predates the 2010 amendments by more than eighty years. See P.L. 1927, ch. 1063, § 1.

Our de novo review of § 12-19-19 reveals no language that would direct or necessarily imply that the General Assembly intended the 2010 amendments to have retroactive effect. On the contrary, this Court previously has held that an act amending a statute stating "[t]his act shall take effect upon passage * * * [i]n the absence of any express language or implicit indication that the statutory amendment should be applied retroactively" indicates an intent toward prospective application only. In re Alicia S., 763 A.2d at 647. See also Rodrigues, 985 A.2d at 318 (stating that the Court had previously held that a statute did not apply retroactively when the statute provided that it did not take effect until its date of passage). We are satisfied, therefore, that the plain language of § 12-19-19 as amended in 2010, taken as a whole, does not demonstrate a legislative intent by necessary implication that § 12-19-19(c) is applicable to deferred sentences entered into before the effective date of the 2010 amendments.

**2**

**Substantive or Remedial**

Having found neither clear, strong language, nor any necessary implication that the General Assembly intended retroactive application, this Court next examines whether the statute is substantive in nature, or remedial or procedural. See Direct Action for Rights and Equality v.

- 8 -

Gannon, 819 A.2d 651, 658 (R.I. 2003). "Substantive statutes, which create, define, or regulate substantive legal rights, must be applied prospectively. * * * In contrast, remedial and procedural statutes, which do not impair or increase substantive rights but rather prescribe methods for enforcing such rights, may be construed to operate retroactively." Id. (quoting Pion v. Bess Eaton Donuts Flour Co., 637 A.2d 367, 371 (R.I. 1994)).

Here, the hearing justice found that the amended statute "expand[ed] the universe of people who are afforded the right to have their criminal records shielded from the public." We agree and conclude that § 12-19-19(c) creates new substantive rights because, prior to the amendments, the sealing of records was not available to individuals who had committed a crime of violence or who were not first-time offenders, such as defendants in this case. Moreover, § 12-19-19(c) purports to exonerate any person who successfully complies with the terms and conditions of a written deferral agreement "of the charges for which sentence was deferred." Under the expungement regime, a person whose conviction of a crime had been expunged was not required to disclose his or her conviction except in certain enumerated circumstances—for example, the fact of an expunged conviction must be disclosed in applications "for a law enforcement agency position, for admission to the bar of any court, * * * for a teaching certificate, * * * or [to be] the operator or employee of an early childhood education facility * * *." Section 12-1.3-4(a)-(b). Section 12-19-19(c) contains no such limitation as to disclosure and would seemingly make exoneration available to those who are not first-time offenders, as well as those who have committed a crime of violence. We conclude, therefore, that although as a whole, the deferred-sentence statute is remedial in nature, see Briggs I, 934 A.2d at 816-17, the addition of subsection (c) to § 12-19-19 in 2010 was a substantive amendment and thus not entitled to retroactive application.

Alternatively, defendants argue that there is a presumption in favor of retroactivity when a penal law is changed for the benefit of those subject to it. The defendants assert that § 12-19-19 is rehabilitative and where the amendment to a rehabilitative statute is ameliorative, the law favors retroactivity under the "rule of abatement." The state counters that the "rule of abatement" does not apply to the case at bar, noting that "[t]he common-law rule of abatement provides that when the Legislature repeals a statute, a defendant cannot thereafter be convicted under the repealed statute, absent a savings clause." State v. Pereira, 973 A.2d 19, 33 (R.I. 2009). We are of the opinion that the amendment to § 12-19-19 does not involve repeal of a criminal statute and thus the rule of abatement is not applicable in this context.

## B

### Separation of Powers

Having determined that the statute should not be applied retroactively, this Court need not reach the question of whether retroactive application would violate the doctrine of separation of powers. In State v. Warzycha, 2010 WL 4682605, incorporated by reference in the lower court's decision in these cases, the hearing justice stated, and we agree, that it was unnecessary to determine whether prospective application would be unconstitutional. Because no defendant who entered a deferred-sentence agreement subsequent to the 2010 amendments to § 12-19-19 will yet have completed his or her five-year deferment, this issue is not yet ripe for review. For the same reasons, we need not reach the question of whether the "exoneration clause" is, as the defendants urge, severable from the "sealing clause."

## IV

## Conclusion

For the reasons set forth in this opinion, we affirm the judgments of the Superior Court.

The record of this case shall be remanded to the Superior Court.


**TITLE OF CASE:**     State v. James Briggs.
State v. Anna M. Matthias (Mathias).

**CASE NO:**     No. 2011-47-C.A.
(P2/94-1248A)

No. 2011-50-C.A.
(P2/94-3597A)

**COURT:**     Supreme Court

**DATE OPINION FILED:**   January 11, 2013

**JUSTICES:**     Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia JJ.

**WRITTEN BY:**     Chief Justice Paul A. Suttell

**SOURCE OF APPEAL:**     Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Kristin E. Rodgers

**ATTORNEYS ON APPEAL:**

For State: Christopher R. Bush
Department of Attorney General

For Defendants: Thomas R. Bender, Esq.