**Supreme Court**

No. 2011-5-M.P.
(96-8354)
(09-17581)

| | |
|---|---|
| State | : |
| v. | : |
| Doris E. Poulin. | : |

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State                              :

v.                              :

Doris E. Poulin.                  :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.**  This case came before the Supreme Court on April 2, 2013, on a petition for certiorari filed by Doris E. Poulin (hereinafter Poulin or defendant), against the State of Rhode Island (state), seeking review of a decision by a judge of the District Court denying her motions to seal records related to two misdemeanor complaints which resulted in dismissals.  For the reasons set forth in this opinion, we quash the judgment of the District Court.

**Facts and Travel**

On January 18, 1996, defendant entered a plea of <u>nolo</u> <u>contendere</u> to one felony count of possession of a controlled substance.  In exchange for her plea, defendant was placed on probation for two years, required to complete a substance-abuse program, and ordered to perform 100 hours of community service.  It is undisputed that she complied with all of the conditions of her probation.  However, defendant subsequently was charged with the misdemeanor offense of operating a motor vehicle on a suspended license, a charge that was dismissed on July 18, 1996. Many years later, on December 15, 2009, defendant was arrested and charged with driving under

the influence; that misdemeanor charge was dismissed on February 3, 2010. It is the records of these latter two charges which are the subject of this case.

In accordance with G.L. 1956 § 12-1-12.1,[1] defendant moved in the District Court to have the records related to those two misdemeanor charges sealed and, further, to have the law-enforcement-identification records related to those charges destroyed.[2] In denying the motions to seal, the trial judge likened defendant's motions to motions for the expungement of a criminal record and concluded that the prior drug offense for which defendant was placed on probation was, for purposes of § 12-1-12.1, a conviction, such that "this [d]efendant would, in fact, be barred from having her two cases expunged, even though they are dismissals."[3] The trial judge explained that it would not be logical for the definition of "conviction" to differ as between the sealing and expungement statutes, which, she determined, were "somewhat intertwined." The trial judge concluded that our decisions in State v. Briggs, 934 A.2d 811 (R.I. 2007), and State v. Alejo, 723 A.2d 762 (R.I. 1999), stood "for the proposition that a nolo plea, followed by a

---

[1] General Laws 1956 § 12-1-12.1(a) provides:

> "Any person who is acquitted or otherwise exonerated of all counts in a criminal case, including, but not limited to, dismissal or filing of a no true bill or no information, may file a motion for the sealing of his or her court records in the case, provided, that no person who has been convicted of a felony shall have his or her court records sealed pursuant to this section."

[2] The first motion to seal was in reference to the complaint including the charge of driving under the influence; the second motion to seal was in reference to the complaint including the dismissed charge for operating with a suspended license.

[3] Specifically, the trial justice stated:

> "I find that based upon the cases of [Alejo] and Briggs and the other line of cases that hold a nolo plea followed by probation constitute[s] a conviction, this court does find that for purposes of [§]12-1-12.1 a nolo plea followed by probation is a conviction, and this [d]efendant would, in fact, be barred from having her two cases expunged, even though they are dismissals, so [the] motion[s] to seal, with all respect, [are] denied."

- 2 -

sentence of probation, is considered a conviction * * * for the purposes of the expungement statute." Accordingly, the trial justice declared that "a plea of nolo followed by a probationary period would be considered a conviction [for purposes of the sealing statute]." We granted defendant's petition for certiorari.

The defendant frames the issue before us as "[w]hether a court can refuse to seal a dismissed criminal charge pursuant to R.I. Gen. Laws § 12-1-12 (2012) when the moving party has not been convicted of a felony as defined by R.I. Gen. Laws § 12-18-3 (2012)."[4] The defendant then advances several arguments in support of her contentions, some of which we need not address. Primarily, Poulin argues that the plain and unambiguous language of the relevant statutes dictates that she is entitled to have the court files in the dismissed cases sealed and all records reflecting those complaints destroyed. Next, defendant argues that the sealing and expungement statutes are separate and distinct in both purpose and design and that, therefore, the statutes should not be treated similarly. The defendant also asserts that the sealing statutes do not conflict with the recording statute, which imposes a duty of record keeping on the Attorney General.

Not surprisingly, the state argues that a plea of nolo contendere to a felony charge followed by probation constitutes a felony conviction that disqualifies a defendant from the benefits of the sealing statute. Specifically, the state contends that the plain wording and statutory structure of chapter 1 of title 12 lead to the conclusion that a plea of nolo contendere

_____

[4] General Laws 1956 § 12-18-3(a) provides, in pertinent part:

"Whenever any person shall be arraigned before the district court or superior court and shall plead nolo contendere, and the court places the person on probation pursuant to § 12-18-1, then upon the completion of the probationary period, and absent a violation of the terms of the probation, the plea and probation shall not constitute a conviction for any purpose."

- 3 -

followed by probation constitutes a conviction for the purposes of the sealing statute. Moreover, the state argues that this Court's precedent concerning the meaning of a conviction—and the case law involving sealing and expungement of criminal records—supports the state's argument.

**Standard of Review**

"Our review of a case on certiorari is limited to an examination of 'the record to determine if an error of law has been committed.'" State v. Greenberg, 951 A.2d 481, 489 (R.I. 2008) (quoting Gaumond v. Trinity Repertory Co., 909 A.2d 512, 516 (R.I. 2006)). In addition to examining the record for judicial error, "we inspect the record to discern if there is any legally competent evidence to support the findings of the hearing justice below." Brown v. State, 841 A.2d 1116, 1121 (R.I. 2004) (citing Ryan v. Roman Catholic Bishop of Providence, 787 A.2d 1191, 1193 (R.I. 2002)).

This Court reviews questions of statutory construction and interpretation de novo. Casale v. City of Cranston, 40 A.3d 765, 768 (R.I. 2012) (citing Iselin v. Retirement Board of the Employees' Retirement System of Rhode Island, 943 A.2d 1045, 1049 (R.I. 2008)); see also Webster v. Perrotta, 774 A.2d 68, 75 (R.I. 2001). "We consistently have held that when a statute contains clear and unambiguous language, this Court interprets the statute literally and gives the words their plain and ordinary meanings." Casale, 40 A.3d at 768 (citing Iselin, 943 A.2d at 1049); see also Accent Store Design, Inc. v. Marathon House, Inc., 674 A.2d 1223, 1226 (R.I. 1996). We note that "[i]t is generally presumed that the General Assembly 'intended every word of a statute to have a useful purpose and to have some force and effect.'" Curtis v. State, 996 A.2d 601, 604 (R.I. 2010) (quoting LaPlante v. Honda North America, Inc., 697 A.2d 625, 629 (R.I. 1997)). "[W]e must 'consider the entire statute as a whole; individual sections must be considered in the context of the entire statutory scheme, not as if each section were independent

of all other sections.'" <u>State v. Briggs</u>, 58 A.3d 164, 168 (R.I. 2013) (quoting <u>Mendes v. Factor</u>, 41 A.3d 994, 1002 (R.I. 2012)); <u>see</u> <u>also</u> <u>Generation Realty, LLC v. Catanzaro</u>, 21 A.3d 253, 259 (R.I. 2011).

**Discussion**

We begin our analysis of the principal issue in this case—whether a plea of <u>nolo contendere</u> to a felony charge followed by a successfully completed term of probation constitutes a conviction for the purpose of the sealing statutes—with a discussion of the relevant statutory provisions.

The sealing statutes are set forth in §§ 12-1-12 and 12-1-12.1. Section 12-1-12(a), "Destruction or sealing of records of persons acquitted or otherwise exonerated," provides, in pertinent part:

> "Any fingerprint, photograph, physical measurements, or other record of identification, heretofore or hereafter taken by or under the direction of the attorney general, the superintendent of state police, the member or members of the police department of any city or town or any other officer authorized by this chapter to take them, of a person under arrest, prior to the final conviction of the person for the offense then charged, shall be destroyed by all offices or departments having the custody or possession within sixty (60) days after there has been an acquittal, dismissal, no true bill, no information, or the person has been otherwise exonerated from the offense with which he or she is charged, and the clerk of court where the exoneration has taken place shall, consistent with § 12-1-12.1, place under seal all records of the person in the case, including all records of the division of criminal identification established by § 12-1-4; provided, that the person shall not have been previously convicted of any felony offense * * *."

Section 12-1-12.1, "Motion for sealing of records of persons acquitted or otherwise exonerated," provides a statutory mechanism to ensure that the provisions of § 12-1-12 are complied with by the appropriate agency, on motion by the affected person. Section 12-1-12.1(a) provides:

- 5 -

> "Any person who is acquitted or otherwise exonerated of all counts in a criminal case, including, but not limited to, dismissal or filing of a no true bill or no information, may file a motion for the sealing of his or her court records in the case, provided, that no person who has been convicted of a felony shall have his or her court records sealed pursuant to this section."

We are mindful that the practical concepts of sealing and expunging[5] records frequently are conflated and that references to sealing and expungement sometimes are employed interchangeably.

At a fundamental level, the sealing and expungement statutes relate to the destruction or elimination from public view of certain records of criminal arrests and/or convictions; however, the provisions diverge from that common premise in important ways. There are very different procedural mechanisms in these statutes: §§ 12-1-12 and 12-1-12.1 permit the sealing of records related to charges against a person "after there has been an acquittal, dismissal, no true bill, no information, or [if] the person has been otherwise exonerated," § 12-1-12; the expungement provisions, G.L. 1956 §§ 12-1.3-1 through 12-1.3-3, are limited to first offenders and allow for the "sealing and retention of all records of a conviction and/or probation and the removal from active files of all records and information relating to conviction and/or probation." Section 12-1.3-1(2). The difference between the two statutory schemes is evident. A motion to seal properly is made with respect to an acquittal and in cases that have been dismissed in circumstances amounting to an exoneration, while a motion for expungement relates to a

---

[5] General Laws 1956 § 12-1.3-2(a), "Motion for expungement," reads:

> "Any person who is a first offender may file a motion for the expungement of all records and records of conviction for a felony or misdemeanor by filing a motion in the court in which the conviction took place, provided that no person who has been convicted of a crime of violence shall have his or her records and records of conviction expunged."

criminal disposition—including a case in which probation or a deferred sentence has been imposed—and is available only to first offenders. See Briggs, 934 A.2d at 818. Significantly, in enacting the sealing statute, § 12-1-12, the General Assembly elected to exclude persons with prior felony convictions from its purview.[6] It is this classification between persons previously convicted of a felony offense and all others that we are called upon to address.

Although the state seeks to extend the reasoning applied in expungement cases to motions to seal records in cases amounting to an exoneration of the accused, we decline to do so. By enacting separate and distinct statutory provisions, the Legislature plainly elected to treat these cases differently. Accordingly, we shall examine them separately.

Section 12-18-3 is a statutory limitation on the effects of a plea of nolo contendere followed by probation. Section 12-18-3(a) clearly and unambiguously mandates that, when a person enters a plea of nolo contendere to a felony charge and receives a sentence of probation, "the plea and probation shall not constitute a conviction for any purpose." (Emphasis added.) We deem this provision controlling. Here, defendant entered a plea of nolo contendere, and successfully complied with the conditions of her probationary sentence. Accordingly, this plea does not constitute a conviction for "any purpose" that is unrelated to the original disposition. In attempting to deprive defendant of the benefits of the sealing statute, the state is seeking to use a plea of nolo contendere followed by probation as a bar to the sealing of defendant's records in a different case; that is, for some other purpose—to prevent the sealing of records in a dismissed misdemeanor case. The statute forbids this. Indeed, § 12-18-3(a) provides, in relevant part, that "[e]vidence of a plea of nolo contendere followed by a period of probation, completed without

---

[6] We pause to note that the state did not articulate a governmental purpose that is furthered by a classification that distinguishes between persons with prior felony convictions and those with no prior convictions.

- 7 -

violation of the terms of the probation, may not be introduced in any court proceeding * * *."[7]

Further, nothing in §§ 12-1-12 ("Destruction or sealing of records of persons acquitted or otherwise exonerated") or 12-1-12.1 ("Motion for sealing of records of persons acquitted or otherwise exonerated") directs that a plea of <u>nolo</u> <u>contendere</u> followed by probation should be deemed a conviction under those statutory provisions. The state argues that we should follow the reasoning we outlined in <u>Briggs</u> that "characterized a nolo contendere plea followed by probation as a conviction for purposes of expungement." <u>Briggs</u>, 934 A.2d at 817 (citing <u>State v. Alejo</u>, 723 A.2d 762 (R.I. 1999); <u>State v. Gobern</u>, 423 A.2d 1177 (R.I. 1981)). However, our holding in <u>Briggs</u> is distinguishable from the case at bar in several respects. First, in this case, we are confronted with a different criminal charge—two dismissed misdemeanor complaints that are wholly unrelated to the felony charge. Additionally, we made clear in <u>Briggs</u>, 934 A.2d at 816 n.11, that we were considering only the expungement statute, and not the sealing statute. Indeed, the convictions that were the subject in <u>Briggs</u> were not eligible for sealing, <u>id.</u> at 816 & n.11, and, further, the appellants in <u>Briggs</u> received deferred sentences, not probation.[8] <u>Id.</u> at 813. Therefore, <u>Briggs</u> is neither controlling nor instructive on the issue of what constitutes a "conviction" in the context of the sealing statutes. Indeed, it makes sense that a plea of <u>nolo contendere</u> followed by probation would not preclude a defendant from sealing his or her records. In the sealing context, the affected person has been acquitted or exonerated, whereas a person seeking to have his or her records expunged has not. Therefore, sealing should be more

---

[7] We note, though, that a plea of <u>nolo</u> <u>contendere</u> "may be furnished to a sentencing court following the conviction of an individual for a crime committed subsequent to the successful completion of probation on the prior offense." Section 12-18-3(a).

[8] In <u>State v. Briggs</u>, 934 A.2d 811, 817 (R.I. 2007), "[w]e [held] that deferred sentences should be treated like probationary dispositions in the expungement context." In the context of sealing, however, we have not so held. Accordingly, we decline to equate the facts of this case—a nolo plea followed by probation—to those presented in <u>Briggs</u>—nolo pleas followed by deferred sentences.

- 8 -

widely available to those individuals than to those seeking to have their records expunged.

We conclude that, for purposes of the sealing statute, § 12-1-12.1(a), defendant has not been convicted of a felony, that she meets all the statutory requirements of the sealing statutes, and that she is entitled to the benefits provided in those enactments. Accordingly, it was error to deny defendant's motion to seal all records pertaining to her two dismissed misdemeanor arrests.

We also are satisfied that our holding is not inconsistent with the state's statutory duty to keep and maintain records of convictions in accordance with § 12-1-7 of the General Laws.[9] That enactment has no relevance to arrest records and certainly bears no relationship to cases in which the arrestee has been exonerated.

## Conclusion

For the foregoing reasons, we quash the judgment of the District Court and return the papers in this case with our decision endorsed thereon.

---

[9] Section 12-1-7, "Criminal identification records--Stolen property reports," provides:

> "It shall be the duty of the attorney general to procure and file for record in the office of his or her department so far as the same can be procured, fingerprints, plates, photos, outline pictures, descriptions, information, and measurements of all persons who shall be or shall have been convicted of [a] felony, or imprisoned for violating any of the military, naval, or criminal laws of the United States or of any state, and of all well-known and habitual criminals from wherever procurable. The attorney general shall procure and keep on file in the office of the department, so far as they can be procured, fingerprints, measurements, processes, operations, signalletic cards, plates, photographs, outline pictures, measurements, and descriptions of any person who shall have been or shall be confined in any penal institution of this state, taken in accordance with the system of identification in use in any penal institution of this state. The attorney general shall also keep on file in the office the reports of lost, stolen, found, pledged, or pawned property required to be furnished to him or her."



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**       State v. Doris E. Poulin.

**CASE NO:**       No. 2011-5-M.P.
                         (96-8354)
                         (09-17581)

**COURT:**       Supreme Court

**DATE OPINION FILED:**   May 2, 2013

**JUSTICES:**       Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**       Associate Justice Maureen McKenna Goldberg

**SOURCE OF APPEAL:**   Sixth Division District Court

**JUDGE FROM LOWER COURT**:

                         Administrative Judge Elaine T. Bucci

**ATTORNEYS ON APPEAL:**

                         For State:  Lauren S. Zurier
                                      Department of Attorney General

                         For Defendant:  Priya N. Lakhi
                                      Director & Supervising Attorney
                                      Criminal Defense Clinic

                                      Allison Belknap
                                      Rule 9 Student Attorney