May 30, 2023

**Supreme Court**

No. 2021-278-M.P.
(PC 17-3159)

(Dissent begins on Page 13)

Joan Vecchio  :

v.  :

Women & Infants Hospital.  :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Joan Vecchio    :

v.       :

Women & Infants Hospital.  :

Present: Suttell, C.J., Goldberg, and Lynch Prata, JJ.

**O P I N I O N**

**Justice Lynch Prata, for the Court.** The plaintiff, Joan Vecchio (Vecchio), seeks review of a Superior Court order granting the defendant's, Women & Infants Hospital (W&I Hospital), motion for a protective order limiting the deposition testimony of Vecchio's expert witness, David Brewster, M.D. (Dr. Brewster), to causation opinions and prohibiting Vecchio from further supplementing Dr. Brewster's disclosure to include other opinions. Before this Court, Vecchio contends that the Superior Court order should be overturned, arguing that: (1) the supplemental disclosure of Dr. Brewster was the product of trial preparation and in compliance with the Superior Court Rules of Civil Procedure; (2) the supplemental disclosure was not made on the eve of trial, and, thus, W&I Hospital had sufficient opportunity to reschedule Dr. Brewster's deposition; and (3) prohibiting Vecchio

- 1 -

from supplementing her expert disclosures would be drastic and inequitable, and will hinder her right to a fair trial.

The Court issued a writ of certiorari and directed the parties to appear and show cause why the issues raised should not be summarily decided. After considering the parties' written and oral submissions and carefully reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth herein, we quash the order of the Superior Court.

**Facts and Travel**

On September 9, 2014, Vecchio underwent a robotic-assisted radical hysterectomy, bilateral salpingectomy, and sentinel lymph node biopsy performed at W&I Hospital following a cervical cancer diagnosis.[1] Soon after this procedure, Vecchio began complaining of left lower extremity pain and was ultimately diagnosed with compartment syndrome and underwent two additional medical procedures. According to Vecchio, these additional medical procedures were the

---

[1] The material facts of this case are not in dispute. It must be noted, however, that the parties failed to provide the Court with transcripts from any of the relevant hearings, save the transcript from the hearing on W&I Hospital's motion for a protective order, which was attached as an exhibit to Vecchio's statement filed pursuant to Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure. Additionally, Vecchio's filings made in both this Court and the lower court are noticeably devoid of details concerning Vecchio's medical procedures and alleged injuries. We therefore glean a majority of the facts from the parties' Rule 12A statements and previous filings made in the lower court.

direct result of W&I Hospital and its agents allegedly leaving Vecchio in a restrained position for an extended period of time during the initial procedure.

After receiving these two additional emergency medical procedures and being released from W&I Hospital, Vecchio filed the instant medical malpractice action on July 6, 2017. Vecchio amended her complaint twice; once on October 24, 2017, and again on April 26, 2018. In her second amended complaint, Vecchio asserted claims of negligence on the part of W&I Hospital, res ipsa loquitur, and medical malpractice on the part of W&I Hospital and its agents. More specifically, Vecchio alleged that W&I Hospital's treatment was "below the 'standard of care' that a professional medical services entity should render to a patient." Vecchio also alleged that the type of injury she sustained did not ordinarily occur absent negligence on the part of W&I Hospital. Finally, Vecchio claimed that W&I Hospital and its agents performed the initial medical procedure in a negligent and unprofessional manner by leaving her in a restrained position for an extended period of time. According to Vecchio, W&I Hospital's failure to properly perform the initial procedure in accordance with the professional standard of care caused complications, which required emergency medical procedures to correct.

On October 25, 2019, the trial justice entered a scheduling order requiring, among other things, Vecchio to make her expert disclosures on or before February

1, 2020.[2] Vecchio failed to meet this February 1, 2020 deadline and, as a result, filed a motion to amend the scheduling order seeking additional time for expert disclosures. Because of the COVID-19 pandemic, however, Vecchio's motion was heard approximately five months later, in July 2020. Ultimately, the trial justice granted Vecchio's motion and allowed her up to, and including, September 1, 2020, to make her expert disclosures.

In accordance therewith, Vecchio provided W&I Hospital with her expert disclosures, as well as her supplemental answer to Interrogatory No. 23, which indicated that Vecchio intended to call two expert witnesses at trial. According to Vecchio's disclosure, Dr. Brewster would "testify as to the cause of compartmental [sic] syndrome suffered by the Plaintiff as a result of prolonged surgery in the lithotomy position based on the operative notes[,]" and Amer Karam, M.D. (Dr. Karam), would testify "that positioning a patient in the lithotomy position without a repositioning for an extended period of time, as was experienced by the Plaintiff, is a deviation from the standard of care which led to the Plaintiff suffering from compartmental [sic] syndrome." W&I Hospital responded to Vecchio's expert disclosures by filing a motion for summary judgment on September 3, 2020,

---

[2] The procedural history of this matter is somewhat unclear due to the lack of transcripts. Consequently, as with the facts of this matter, the procedural history will be gleaned largely from the lower court docket, and the parties' Rule 12A statements and previous filings made in the lower court.

contending that Vecchio's disclosures, namely that of Dr. Karam, were insufficient to establish negligence because the disclosures failed to provide any information regarding the substance of the proposed experts' opinions and were devoid of any facts upon which the experts based their opinions.

On September 23, 2020, the parties were heard on W&I Hospital's motion for summary judgment. Thereafter, W&I Hospital conducted the deposition of Dr. Karam on November 19, 2020. It was during this deposition that Dr. Karam testified that, after reviewing the surgical positioning policy in effect at the time of Vecchio's surgery, he no longer believed that W&I Hospital and/or its agents deviated from the standard of care. According to W&I Hospital, this deposition of Dr. Karam came as a result of the trial justice providing Vecchio up to and including September 30, 2020, to remedy the deficiencies in Dr. Karam's opinions, passing the motion for summary judgment without prejudice, and directing W&I Hospital to depose Dr. Karam. However, an order was never entered reflecting this, and no transcript from the hearing was provided.

Nevertheless, in light of Dr. Karam's testimony, W&I Hospital filed a motion for sanctions and renewed its motion for summary judgment. On December 17, 2020, the parties were heard on these motions and, according to W&I Hospital, the trial justice permitted Vecchio to disclose a new standard-of-care expert by January

- 5 -

26, 2021.[3] Notably, Vecchio did not make any changes to Dr. Brewster's disclosure. On January 21, 2021, Vecchio produced an affidavit from Katherine Paquette, RN (Paquette), which apparently offered criticisms of the W&I Hospital surgical team.[4] Consequently, at the January 26, 2021 hearing, the trial justice ordered Vecchio to submit a revised expert disclosure in the form of a supplemental interrogatory answer, and ordered W&I Hospital to conduct a deposition of Paquette in advance of a February 2, 2021 hearing on the renewed motion for summary judgment.[5]

At the February 2, 2021 hearing, according to W&I Hospital, the trial justice denied W&I Hospital's renewed motion for summary judgment and provided

[3] A transcript from this hearing was not provided to the Court. According to the lower court docket, W&I Hospital's renewed motion for summary judgment was passed and rescheduled for February 2, 2021. However, no order was entered reflecting this. There is also no indication in the record that the trial justice ruled on W&I Hospital's motion for sanctions.

[4] W&I Hospital represented in its Rule 12A statement that the trial justice determined that Paquette was not qualified to offer a standard-of-care opinion as it related to W&I Hospital's surgical team. At oral argument, however, counsel for Vecchio claimed that the trial justice did not make any findings as to whether Paquette was qualified to offer such an opinion. As noted above, we were not provided transcripts from any hearings, save the hearing on W&I Hospital's motion for a protective order. Moreover, none of the scheduling orders issued in this case discuss Paquette or her ability to provide testimony on the standard of care as to W&I Hospital's surgical team. Although W&I Hospital provided us with a number of e-mail communications between the trial justice and the parties, these e-mails are not part of the record. Therefore, there is nothing in the record before this Court addressing whether Paquette is qualified to offer a standard-of-care opinion as it relates to W&I Hospital's surgical team.

[5] A transcript from this hearing was not provided to the Court. Moreover, a review of the record reveals that no order was entered following this hearing.

- 6 -

Vecchio with another opportunity to supplement her expert disclosures by February 16, 2021, in the form of answers to W&I Hospital's expert interrogatory.[6] On February 15, 2021, Vecchio served the supplemental expert disclosure opinion of Dr. Brewster, indicating that Dr. Brewster would testify as "to causation of my compartment syndrome." Dr. Brewster's expert disclosure did not contain any reference to an opinion on standard of care.

After receiving Vecchio's supplemental expert disclosure, W&I Hospital noticed the deposition of Dr. Brewster for Tuesday, June 15, 2021. However, on Friday, June 11, 2021, counsel for Vecchio contacted counsel for W&I Hospital and stated that, in addition to providing an opinion on causation, Dr. Brewster would also be providing testimony on deviation from the standard of care post-operatively after reviewing Paquette's supplemental disclosure and deposition testimony. In response, counsel for W&I Hospital canceled Dr. Brewster's deposition and filed a motion for protective order pursuant to Rule 37(b) of the Superior Court Rules of Civil Procedure, seeking to preclude Dr. Brewster from offering any opinions regarding the standard of care.

---

[6] Again, a transcript from this hearing was not provided to the Court. Additionally, a review of the record shows that the order denying W&I Hospital's renewed motion for summary judgment and extending the expert disclosure deadline to February 16, 2021, was not entered until March 9, 2021, because the parties apparently could not agree on the language of the order.

On July 6, 2021, the trial justice granted W&I Hospital's motion, reasoning that Dr. Brewster's expected deposition testimony would have gone beyond what Vecchio provided in her supplemental expert disclosure and would have presented "a brand-new theory by Dr. Brewster." The trial justice referenced the various scheduling orders and extensions issued in this case since October 2019, and pointed out that at no time did Vecchio advise the court that Dr. Brewster intended to supplement his disclosure to provide an opinion on standard of care; nor was the court asked for an extension of the February 16, 2021 disclosure deadline.

The trial justice also rejected Vecchio's argument that no trial date had been set, explaining that a trial date cannot be set in a medical malpractice case until the attorneys certify that all discovery, including expert discovery, is completed. Finally, the trial justice noted that the court had "bent over backwards" to provide Vecchio with an opportunity to present her case through the experts of her choice but that, at some point, "enough is enough." The trial justice emphasized that the medical malpractice calendar is based upon "civility, good faith, and compliance with scheduling orders and compliance with scheduling orders in particular after they've been extended over and over."

For these reasons, the trial justice granted W&I Hospital's motion and prohibited Vecchio from supplementing Dr. Brewster's disclosure to include

opinions on topics outside of causation, namely standard of care. Vecchio thereafter filed a petition for writ of certiorari, which was granted on June 3, 2022.

## Standard of Review

"Our review of a case on certiorari is limited to an examination of the record to determine if an error of law has been committed." *Verizon New England Inc. v. Savage*, 267 A.3d 647, 652 (R.I. 2022) (quoting *State v. Poulin*, 66 A.3d 419, 423 (R.I. 2013)). "In addition to examining the record for judicial error, we inspect the record to discern if there is any legally competent evidence to support the findings of the hearing justice below." *Id*. (quoting *Poulin*, 66 A.3d at 423). "We shall not disturb the findings of the trial justice unless it is established that he or she misconceived or overlooked relevant and material evidence or was otherwise clearly wrong." *Id*. (quoting *WMS Gaming, Inc. v. Sullivan*, 6 A.3d 1104, 1111 (R.I. 2010)).

## Discussion

Before this Court, Vecchio asserts that the trial justice abused her discretion in granting W&I Hospital's motion, arguing that the supplemental disclosure regarding Dr. Brewster's expert testimony was part of trial preparation and in compliance with the Rules of Civil Procedure. Additionally, Vecchio avers that her supplemental disclosure regarding Dr. Brewster's testimony was made in accordance with Rule 33(c) because no trial date had been set, and, thus, W&I Hospital had ample opportunity to reschedule Dr. Brewster's deposition. Finally,

Vecchio maintains that prohibiting her from supplementing the expert disclosures would be drastic and inequitable, and will hinder her right to a fair trial.

In response, W&I Hospital contends that the trial justice did not err in granting its motion, arguing that Rule 37 provides a trial justice with the authority to impose sanctions on a party for failing to answer interrogatories or to comply with an order of the court. According to W&I Hospital, Vecchio not only failed to comply with the scheduling orders issued by the Superior Court, but also failed to adhere to the Rules of Civil Procedure by verbally supplementing Dr. Brewster's disclosure four months after the disclosure deadline without agreement by the parties or leave of court. Therefore, W&I Hospital maintains that the trial justice properly exercised her discretion in prohibiting Vecchio from supplementing Dr. Brewster's testimony to include an opinion on the postoperative standard of care.

"Rule 37(b)(2) of the Superior Court Rules of Civil Procedure 'provides the court with a variety of sanctions that may be imposed on a party who has failed to comply with an order to provide discovery * * *.'" *Boss v. Chamberland*, 272 A.3d 1037, 1039 (R.I. 2022) (quoting *Flanagan v. Blair*, 882 A.2d 569, 572-73 (R.I. 2005)). "The decision to impose a particular sanction is within the sound discretion of the trial court." *Malinou v. Miriam Hospital*, 24 A.3d 497, 506 (R.I. 2011) (quoting *International Depository, Inc. v. State*, 603 A.2d 1119, 1124 (R.I. 1992)). "The trial justice selects the sanction he or she believes is the most

appropriate one for the situation in question." *Id*. (brackets omitted) (quoting *International Depository, Inc.*, 603 A.2d at 1124). "One of the sanctions that is available to the court in appropriate circumstances is the preclusion of a party's expert witness from testifying at trial." *Id*.; *see also* Super. R. Civ. P. 37(b)(2)(B). "The imposition of sanctions under Rule 37 will be overturned only upon a showing of an abuse of discretion by the trial justice." *Malinou*, 24 A.3d at 506-07 (quoting *Goulet v. OfficeMax, Inc.*, 843 A.2d 494, 496 (R.I. 2004) (mem.)).

In the instant case, a review of the record makes clear that Vecchio made every attempt to comply with the Superior Court's scheduling orders regarding discovery and expert disclosures. After obtaining an extension of the initial disclosure deadline, Vecchio complied with the July 8, 2020 scheduling order by disclosing her experts on September 1, 2020. When Vecchio later learned that Dr. Karam would no longer be providing an opinion on the standard of care, the trial justice afforded Vecchio additional time to supplement her disclosures, which she did in a timely fashion. It was only after Dr. Brewster reviewed Paquette's supplemental disclosure and deposition testimony in preparation for his own deposition that Vecchio attempted to supplement Dr. Brewster's disclosure, and did so in compliance with Rule 33. At this time, discovery was ongoing, no discovery certification had been issued, and no trial date had been set. As required, counsel for Vecchio notified opposing counsel promptly after learning from Dr.

- 11 -

Brewster that he intended to opine on the postoperative standard of care based on his review of Paquette's materials.

This is clearly not a case in which Vecchio grossly or repeatedly deviated from the Superior Court's scheduling orders or Rules of Civil Procedure warranting such a remedy. A review of the record reveals that orders concerning discovery and expert disclosures were not entered following certain hearings. That, coupled with the lack of transcripts, makes it extremely difficult for this Court to determine the directives of the trial court.[7] The court speaks through its orders. Moreover, it is worth noting that the parties in this case were seeking expert medical testimony during the height of the COVID-19 pandemic when medical professionals were otherwise occupied. Finally, there is nothing to suggest that W&I Hospital would be prejudiced in any way by Dr. Brewster supplementing his disclosure. Prohibiting a party from supplementing an expert disclosure is a drastic sanction that shall be left to those circumstances in which a party persistently fails to comply with discovery obligations. *See, e.g.*, *Malinou*, 24 A.3d at 507-08 (affirming motion justice's preclusion of expert testimony because of the plaintiff's "repeated noncompliance with discovery orders").

---

[7] Although transcripts are generally the responsibility of the petitioner, in the absence of orders in this case, W&I Hospital should have produced the record upon which it seeks to rely rather than e-mail communications between the parties.

Accordingly, the record before us establishes that counsel for Vecchio complied with the Rules of Civil Procedure relating to the continuing duty to supplement discovery and there were no orders prohibiting him from doing so. For these reasons, we hold that the trial justice abused her discretion in granting W&I Hospital's motion and prohibiting Vecchio from supplementing Dr. Brewster's testimony to include opinions on the postoperative standard of care. The order of the Superior Court is therefore quashed.

## Conclusion

For the foregoing reasons, we quash the order of the Superior Court. The record shall be returned to the Superior Court with our decision endorsed thereon.

Justice Robinson and Justice Long did not participate.

**Chief Justice Suttell, dissenting.** Although I am not unsympathetic to the plaintiff's physical ordeals or the seemingly Odyssean quest required of any patient—or litigant—who endeavored to track down a medical professional during the pandemic, I remain mindful of the highly deferential standard under which this Court reviews sanctions issued in discovery. After reviewing the record and our

related caselaw, I am not convinced that the trial justice so erred. Therefore, I respectfully dissent.

As stated by the majority, implicated in this appeal is Rule 37(b)(2) of the Superior Court Rules of Civil Procedure, which allows the trial justice to impose sanctions on a party who "fails or refuses to obey an order to provide or permit discovery * * *."

It is axiomatic that "the Superior Court has broad discretion to regulate how and when discovery occurs." *Albanese v. Town of Narragansett*, 135 A.3d 1179, 1185 (R.I. 2016) (brackets omitted) (quoting *Shelter Harbor Conservation Society, Inc. v. Rogers*, 21 A.3d 337, 343 (R.I. 2011)). Given this discretion, "a trial 'justice's decision to impose a sanction pursuant to Rule 37 for noncompliance with a discovery rule or order [is reviewed by this Court] for abuse of discretion.'" *Devaney v. St. Thomas More Catholic Church*, 285 A.3d 23, 27 (R.I. 2022) (quoting *EdgengG (Private), Ltd. v. Fiberglass Fabricators, Inc.*, 272 A.3d 596, 600 (R.I. 2022)). "This [C]ourt is not likely to reverse on the basis of abuse of discretion when a rule provides for alternative sanctions and the trial justice selects the sanction that he or she deems the most appropriate for the particular case." *Senn v. Surgidev Corp.*, 641 A.2d 1311, 1319 (R.I. 1994) (distinguishing the alternatives provided in Rule 37(b)(2) from "the most severe discovery sanctions" available under the rule, such as dismissal or judgment by default).

- 14 -

By the majority's assessment, plaintiff neither "grossly or repeatedly deviated" nor "persistently fail[ed]" to comply with the discovery orders; as a result, the majority holds that the trial justice abused her discretion. This holding breaks away from the lion's share of our Rule 37 caselaw, which has consistently affirmed discovery sanctions issued by justices of the Superior Court in deference to their roles as stewards of the discovery process. *See Joachim v. Straight Line Productions, LLC*, 138 A.3d 746, 752 (R.I. 2016), 138 A.3d at 752 ("Rule 37 provides the Superior Court with the tools necessary to achieve a smooth functioning of the discovery process by allowing the trial justice to enter orders for failing to comply with discovery demands and to sanction a noncompliant party."); *see, e.g.*, *Boss v. Chamberland*, 272 A.3d 1037, 1040 (R.I. 2022) (holding that the trial justice "acted well within her discretion" in issuing sanctions under Rule 37(b)(2)); *EdgengG (Private), Ltd.*, 272 A.3d at 601 (same); *Devaney*, 285 A.3d at 28 (same); *Malinou v. Miriam Hospital*, 24 A.3d 497, 508 (R.I. 2011) (same); *Ahmed v. St. Josephs Health Services of Rhode Island*, 22 A.3d 380, 382 (R.I. 2011) (mem.) (same); *Flanagan v. Blair*, 882 A.2d 569, 573 (R.I. 2005) (same). I see no reason to deviate here.

At the hearing on defendant's motion for a protective order, the trial justice cogently elucidated her philosophy to handle discovery orders in medical malpractice cases with particular leniency, but, nevertheless, concluded that in this

case she had been "more than flexible." Indeed, the extended deadline to February 16, 2021, was the third extension that the trial justice afforded plaintiff during discovery. In light of her previous flexibility, the trial justice took umbrage with the fact that plaintiff never advised the court that she planned to supplement Dr. Brewster's expert disclosure or requested to amend the disclosure in writing. In June 2021, however, plaintiff informed defendant in a telephone call approximately four days before the scheduled deposition of Dr. Brewster, that Dr. Brewster would be providing an opinion on the deviation from the standard of care postoperatively, in addition to his opinion on causation.

Reviewing these circumstances in their totality, the trial justice determined that at some point "enough is enough" and more broadly that, as a matter of policy, "if the [c]ourt does not require compliance with court orders, with rules, and, frankly, with fairness[,] * * * [t]o allow all of this would be to negate the impact of the medical malpractice calendar."

The majority emphasizes throughout its opinion the absence of any transcripts in the record and suggests that, without more evidence, "it [is] extremely difficult for this Court to determine the directives of the trial court." Without any transcripts, the majority continues, "[t]he court speaks through its orders." The majority highlights that certain discovery orders in this case never entered. However, the most pertinent order on appeal, the one that extended plaintiff her final opportunity

- 16 -

to file expert disclosures by February 16, did enter; it simply entered later, on March 9, 2021.  This delinquency strikes me as a mere technicality, not only because the order entered approximately three months prior to the alleged violation, but also because plaintiff did not argue that the delay of the order either confused or misled her as to her discovery obligations.  Moreover, the trial justice was forthcoming about this delay in issuing her decision on defendant's motion and maintained that the order was "abundantly clear."

I also find the majority's vexation over the missing transcripts to be somewhat perplexing because, in the event of an appeal, the duty to procure any pertinent transcripts falls to the appellant.  Thus, it would seem only reasonable that any deficiencies stemming from a resultantly scant record cut *against* plaintiff, as the appellant, rather than in her favor.

Seldom will this Court override a trial justice's discretion to impose Rule 37 sanctions.  Amid this landscape, the plaintiff's circumstance appears unremarkable. In the case at bar, the plaintiff "was given ample opportunity over the course of several months to comply with [her] discovery obligations" and nevertheless failed to do so without citing any "unique circumstances" to excuse her dereliction. *Malinou*, 24 A.3d at 508 (contrasting the plaintiff's case to *Allen ex rel. Allen v. South County Hospital*, 945 A.2d 289 (R.I. 2008)); *Allen*, 945 A.2d at 296 (affirming the trial justice's discretionary ruling to excuse the plaintiff's violation of a discovery

- 17 -

order under "extraordinary, unique circumstances" where the "plaintiff was placed in an untenable position [because] her expert witness 'jumped ship'" (brackets omitted)).

For the reasons stated herein, I respectfully dissent.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Joan Vecchio v. Women & Infants Hospital. |
| **Case Number** | No. 2021-278-M.P.<br>(PC 17-3159) |
| **Date Opinion Filed** | May 30, 2023 |
| **Justices** | Suttell, C.J., Goldberg and Lynch Prata, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Netti C. Vogel |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>Gregory J. Acciardo, Esq.<br>For Respondent:<br><br>Angela L. Carr, Esq. |